

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7314 | **DATE** | 3/5/2003 |
| **CASE TITLE** | Mary Anne Zurn vs. Aldo E. Botti etc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss is denied. Status hearing set for March 20, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | MAR 0 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | CLERK | | |
| WAH | courtroom deputy's initials | 03 MAR -5 PM 2:09 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY ANNE ZURN, )
)
Plaintiff, )
)
vs. ) No. 02 C 7314
)
ALDO E. BOTTI, BOTTI, MARINACCIO & )
TAMELING, LTD. (n/k/a Botti, Marinaccio & )
DeLongis, Ltd.), and MORAN, MOREHOUSE )
& BRUNO, )
)
Defendants. )

DOCKETED
MAR 0 6 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Anne Zurn filed suit against defendants Aldo E. Botti (Botti), Botti, Marinaccio & Tameling, Ltd. (Botti firm), and Moran, Morehouse & Bruno (Moran firm), alleging unjust enrichment. Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3) and for failure to state a complaint pursuant to Rule 12(b)(6), arguing that plaintiff's claim is barred by the doctrines of *res judicata* and issue preclusion. For the following reasons, defendants' motion to dismiss is denied.

## BACKGROUND

This litigation began in 1993 when Zurn filed suit against Botti and the Botti firm in state court in DuPage County alleging intentional infliction of emotional distress and battery. On May 9, 1994, the state court issued a final order dismissing both counts of plaintiff's complaint with prejudice and assessing attorney's fees, costs and a punitive sanction against Zurn for a total amount of $64,498.40.



Subsequent to Zurn's suit the Botti firm and the Moran firm filed suit against Zurn seeking to recover fees and costs arising from legal work for Zurn in unrelated matters. On July 11, 1994, the state court entered a default judgment against Zurn on all counts of the complaint in the amount of $84,332.36 plus prejudgment interest and costs. Plaintiff Zurn appealed both decisions.

Before the appeals were heard Zurn filed a voluntary petition in bankruptcy on March 16, 1995. She sought removal of the pending appeals to bankruptcy court. The defendants filed motions to remand and abstention, which were entered by the bankruptcy court on August 17, 1995, and the cases were remanded to the Illinois Appellate Court. Plaintiff appealed the bankruptcy court's decision to the district court, where it was affirmed on October 13, 1996. The bankruptcy court confirmed Zorn's liquidation plan on November 15, 1995, requiring her to pay defendants' claims in full. In March 1996, plaintiff made the payments required by the plan, totaling $178,735.67 to the Botti firm and $7,442.01 to the Moran firm.

Plaintiff continued to pursue her now consolidated appeals to the Illinois Appellate Court. On March 28, 1998, the court issued an order (1) affirming the dismissal of the tort claims against the Botti firm; (2) remanding the battery claim against Botti for further proceedings; (3) reversing the order of sanctions against Zurn, with leave for the lower court to reinstate them; and (4) reversing and remanding the default judgment against Zurn. Botti and the Botti firm filed a petition for appeal to the Illinois Supreme Court which was denied on November 9, 1998.

On November 18, 2000, plaintiff Zurn filed a petition to reopen the bankruptcy case,

alleging that she was never reimbursed by defendants the money that she paid under the liquidation plan. The petition to reopen was granted but Zurn's motion for repayment was denied by the bankruptcy court. The district court affirmed the decision of the bankruptcy court and Zurn appealed the case to the Seventh Circuit. The Seventh Circuit affirmed the district court's decision, stating that "the parties must thereafter look to the state courts to handle their complete dispute and may not drag selected issues back to the bankruptcy forum years later." In re Zurn, 290 F.3d 861, 864 (7th Cir. 2002).

Defendants allege, along with their motion, that the Illinois Appellate Court's mandate was filed in DuPage County on November 9, 1998. Not until January 2000 did plaintiff move to reinstate the initial tort case in the lower state court and she never acted to reinstate the second case in lower state court. The DuPage County court denied her petition to reinstate, determining that she was the prevailing party on appeal, the 14-month delay was unjustified and concluding that plaintiff had therefore abandoned her claim.

Plaintiff now brings this suit for unjust enrichment to recover the money paid under the liquidation plan. She alleges that she was entitled to reimbursement at the time that the Illinois Appellate Court reversed the orders of the lower state courts, yet she has yet to receive any money from defendants. Defendants argue that the Seventh Circuit's opinion requires any subsequent litigation in this matter to take place in state court and that this issue was already decided in the earlier decisions.

## DISCUSSION

In deciding a Rule 12(b)(6) motion to dismiss we must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v.

Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

Plaintiff alleges that defendants were unjustly enriched when they failed to return the money she paid them in connection with the dispositions of the two lawsuits. She claims that her right to reimbursement was triggered as soon as the appellate court remanded the cases for further proceedings. We need not reach the merits of her claim at this time, only decide whether she states a claim and whether we have jurisdiction to hear her case.

The Seventh Circuit held that appeal of the bankruptcy case through the federal system was not the proper forum in which to litigate this claim. Zurn, 290 F.3d at 864. Instead, the court determined that the proper forum was the state court. *Id.* at 864-65. In doing so, however, it seems clear that the Seventh Circuit was not absolutely limiting the forum in which plaintiff could file suit but instead limiting the procedure that she could use to do so. The Seventh Circuit's opinion does nothing to bar plaintiff from filing this independent action based on state law if she meets the statutory requirements of diversity jurisdiction. To the extent that plaintiff's claim is based on state law, we serve as the equivalent of a state court in handling this dispute.

Likewise, the Rooker-Feldman doctrine and *res judicata* do not help defendants. Plaintiff here is neither seeking to use the federal court system to review a state court judgment

with which she is unhappy, nor seeking to relitigate the tort case against Botti and the Botti firm or the attorneys' fees case against the two law firms. Instead, she has filed an independent claim, alleging that defendants were unjustly enriched as a result of their failure to reimburse her during the ongoing litigation. Illinois law allows a party to use such an independent action for unjust enrichment to obtain restitution arising from previous litigation, rather than forcing the prospective plaintiff to reopen the previous case. Liberty Mutual Ins. Co. v. Zambole, 141 Ill. App. 3d 803, 491 N.E.2d 132, 96 Ill. Dec. 318 (Ill. App. Ct. $2^d$ Dist. 1986).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

March 5, 2003.