Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7314 | **DATE** | 9/3/2003 |
| **CASE TITLE** | Mary Anne Zurn vs. Aldo E. Botti et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the foregoing reasons, plaintiff's motion for summary judgment on her claim is granted and her motion for summary judgment on the counterclaim is denied for now. Defendants' motion for summary judgment is denied. Status hearing set for September 18, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 0 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 SEP -3 PM 3:50 | date mailed notice | |
| | | FILED FOR DOCKETING Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARY ANNE ZURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 02 C 7314 |
| ) | |
| ALDO E. BOTTI, BOTTI MARINACCIO & ) | |
| TAMELING, LTD. (n/k/a Botti, Marinaccio & ) | |
| DeLongis, Ltd.), and MORAN, MOREHOUSE ) | |
| & BRUNO, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
SEP 0 4 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Anne Zurn brought this suit against defendants Aldo E. Botti (Botti), Botti, Marinaccio & Tameling, Ltd. (Botti firm), and Moran, Morehouse & Bruno (Moran firm) alleging unjust enrichment. Defendants filed a six-count counter-complaint against plaintiff seeking attorney's fees and expenses. Plaintiff and defendants each filed cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, plaintiff's motion is granted as to her claims against defendants and denied for now as to the counterclaims; defendants' motion is denied. Defendants also filed a motion to strike three of plaintiff's affirmative defenses to their counterclaims, which is also denied for now.

## BACKGROUND

This litigation began over a decade ago when Mary Anne Zurn filed a lawsuit against Botti and the Botti firm in DuPage County alleging intentional infliction of emotional distress and battery. On May 9, 1994, the state court dismissed the counts and assessed attorney's fees,

costs and punitive sanctions against plaintiff for a total of $64,490.40. While this initial lawsuit was pending, the Botti firm and Moran firm filed suit against Zurn seeking to recover fees and costs arising from unrelated legal work. On July 11, 1994, the state court entered a default judgment against Zurn on all counts and ordered her to pay $84,332.36 plus prejudgment interest and costs. Plaintiff consolidated the cases and appealed both decisions.

On March 16, 1995, while the appeals were pending, Zurn voluntarily filed for bankruptcy in the Northern District of Illinois. She sought removal of the state court appeals to the bankruptcy court. On August 17, 1995, on the motion of defendants, the bankruptcy court opted to abstain and the pending appeals were remanded to the Illinois Appellate Court. On October 13, 1996, this decision was affirmed by the district court. On November 15, 1995, the bankruptcy court affirmed Zurn's liquidation plan, requiring her to pay defendants' claims in full. In March 1996, she did so, paying $178,735.67 to the Botti firm and $7,442.01 to the Moran firm.

Plaintiff continued to pursue her consolidated appeals in the Illinois Appellate Court. On March 12, 1998, that court issued an order affirming the dismissal of Zurn's tort claims against the Botti firm; remanding the battery claim against Botti for further proceedings; reversing the order of sanctions against Zurn with leave for the lower court to reinstate them; and reversing and remanding the default judgment against Zurn on the claim for fees and costs. Botti and the Botti firm filed a petition seeking to appeal this order to the Illinois Supreme Court, which petition was denied on November 9, 1998.

On November 18, 2000, plaintiff Zurn filed a petition to reopen the bankruptcy case, seeking reimbursement of the money she paid defendants. The petition to reopen the case was

granted but the motion for reimbursement was denied. This decision was affirmed by the district court and by the Seventh Circuit, which found that plaintiff needed to pursue state law claims for reimbursement rather than dragging the issue into the federal bankruptcy forum. In re Zurn, 290 F.3d 861, 864 (7th Cir. 2002).

In January 2002, over 14 months after the appellate court's order, plaintiff filed a petition to reinstate the tort case against Botti. This petition was denied by the DuPage County Court, which determined that the delay was unjustified and that plaintiff had therefore abandoned her claim. Because defendants have still failed to reimburse the money that she paid them pursuant to her liquidation plan, she brought this diversity action alleging a state law claim of unjust enrichment. In their counterclaim defendants assert a right to the fees and costs that were the subject of the second state court litigation.

## DISCUSSION

Our function in ruling on a motion for summary judgment is merely to determine if there is a genuine issue of material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Only if the evidence on file shows that no such issue exists and that the moving party is entitled to judgment as a matter of law will we grant the motion. Celotex Corp. v Catrett, 477 U.S. 317, 322-23 (1986); Bennett v. Roberts, 295 F.3d 687, 694 (7th Cir. 2002).

It is well established that when a party obtains a financial benefit resulting from an erroneous decree or judgment, that party has a duty, after a reversal, to make restitution. Buzz Barton & Assoc., Inc. v. Giannone, 108 Ill.2d 373, 381-82, 483 N.E.2d 1271, 1275 (Ill. 1985); Barnard v. Michael, 392 Ill. 130, 134, 63 N.E.2d 858, 861 (Ill. 1945). Defendants concede

that they still have the money obtained in the two state court judgments in their possession. When the appellate court reversed the judgments of the lower court, those decisions no longer had any legal force and the defendants no longer had a claim to the money. As a result, they had an affirmative duty to reimburse the plaintiff, which they have failed to fulfill.

Defendants argue that no such duty exists because the plaintiff never elected to reinstate the case as required by Illinois Supreme Court Rule 369. Rule 369 however plays no role in this dispute. Plaintiff is not asking us to rule on the tort claims or the attorney's fees claims because she has no desire to see these claims reinstated. Instead, she filed this entirely independent claim for unjust enrichment, which is clearly allowed by Illinois law, as we recognized in a Memorandum Opinion and Order of March 5, 2003, and the Court of Appeals recognized in Zurn v. Botti, 290 F.3d 861 (7th Cir., 2002); *see* Liberty Mutual Ins. Co. v. Zambole, 141 Ill. App. 3d 803, 491 N.E.2d 132 (2nd Dist. 1986). The undisputed facts show that plaintiff is entitled to reimbursement by defendants.

Defendants' affirmative defenses provide them no relief from this conclusion as they are largely dependent on the argument that plaintiff had a duty to reinstate the state court action, which she did not. First, plaintiff did not waive her claim by failing to reinstate the attorney's fees case in state court. Second, there is no laches in this case as any increase in interest is a result of defendants' own failure to fulfill their duty and reimburse the plaintiff. Third, defendants produce no evidence of any unclean hands by the plaintiff relating to their failure to reimburse. Fourth, there can be no *res judicata* pertaining to the unjust enrichment claims because plaintiff has never previously filed such a claim. Finally, the Rooker-Feldman doctrine is irrelevant because plaintiff's claim is simply a diversity action – she is not seeking

to review the judgment of a state court.

Unlike plaintiff's claim, which is separate from those previously litigated in state court, defendants' counterclaim appears to seek to litigate the state court issues. As the second state court case stands now, the Illinois Appellate Court issued a final order reversing the default judgment against Zurn. As such, defendants have no legal claim to the fees and costs that they seek to recover. Even if defendants are correct in contending that plaintiff should have borne the burden of refiling the case if she wanted it reinstated, nothing prevented them from doing the same. While knowing that plaintiff would have no incentive to reinstate a claim for damages *against* her, defendants allowed the case to remain closed. We doubt that they could now turn to federal court to litigate claims abandoned by them in state court.

However, we decline to grant summary judgment in favor of the plaintiff as to the counterclaims at this time. The parties agree that the defendants performed legal work for Zurn. The parties also agree that there is little chance of defendants successfully reinstating the state court action for the fees. While we are inclined to agree with plaintiff that defendants could not initiate their state law claims in this court, and further agree that Zurn had no duty to reinstate the state court claims, we are, in a real sense, dealing here with an offset to a claim for unjust enrichment. We question whether plaintiff can use *res judicata* to prevent defendants from raising these claims in their effort to set off the total amount of plaintiff's recovery. To find otherwise would allow Zurn to use an unjust enrichment action to reclaim the money and entirely avoid paying the attorneys' fees. To the extent that defendants seek to establish that they have a valid claim to some amount of the money in their possession, we deny for now plaintiff's summary judgment motion as to the counterclaims. The issue has not

yet been sufficiently developed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment on her claim is granted and her motion for summary judgment on the counterclaim is denied for now. Defendants' motion for summary judgment is denied.

James B. Moran<br>
JAMES B. MORAN<br>
Senior Judge, U. S. District Court

Sept. 3     , 2003.